**THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| DISH NETWORK L.L.C., § <br> § <br> Plaintiff, § <br> § <br> vs. § <br> § <br> DOES 1-3, d/b/a Elahmad.com, § <br> § <br> Defendants. § | CIVIL ACTION NO. 4:21-CV-00581 |

**PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO
IDENTIFY AND SERVE DEFENDANT DOES**

In accordance with Federal Rules of Civil Procedure 4(f), 4(m) and 6(b), Plaintiff DISH Network L.L.C. ("DISH") requests a 90-day extension of time to identify and serve process on Defendant DOES 1-3 ("Defendants").

**I.     INTRODUCTION**

DISH brought this suit against Defendants on February 24, 2021, based on their Elahmad.com website (the "Elahmad Website") that is providing access to Arabic language television channels exclusively licensed to DISH in the United States (the "Protected Channels"). (Dkt. 1, Compl. ¶¶ 1, 4, 9-3.) Defendants are not authorized by DISH to transmit, distribute, or publicly perform the Protected Channels in the United States. (*Id*. ¶ 13.)   Yet Defendants own and operate the Elahmad Website, which allows users in the United States to watch unauthorized streams of the Protected Channels. (*Id*. ¶ 14.)   Defendants' wrongful acts infringe DISH's exclusive rights to domestically distribute and publicly perform the television programming that airs on the Protected Channels. (*Id.* ¶¶ 9-23.)

Defendants are individuals or entities that own and operate the Elahmad Website. (*Id*. ¶ 4.)   At the time of filing, DISH was unaware of the true names of Defendants because they concealed their identities through the use of a domain registration proxy service. (*Id*.)   To ascertain Defendants' identities, DISH requested leave to issue subpoenas on third-party service providers that Defendants used to operate and promote their Elahmad Website. (Dkt. 3.)   These service

providers include Namecheap, Inc.; The Endurance International Group, Inc.; CloudFlare, Inc.; Criteo Corp.; Facebook, Inc.: Twitter, Inc.; Pinterest, Inc.; GitHub, Inc.; Google LLC, and Microsoft Corporation. (Dkt. 3-1 at 1.) On April 6, 2021, the Court granted DISH leave to serve subpoenas on these service providers and other third parties identified in their responses that are reasonably likely to have identifying information concerning Defendants. (Dkt. 7.)

The same day on April 6, 2021, DISH issued subpoenas to the forgoing service providers, requesting, among other things, that they provide information sufficient to identify Defendants' names and addresses. (Declaration of Stephen M. Ferguson [Ferguson Decl.] ¶¶ 2-11, Exs. 1-10.) DISH received some information in response to its subpoenas, but not all service providers have responded. (*Id*. ¶¶ 2-11.) And although this information has helped DISH make progress in identifying Defendants, additional time is needed for five of the service providers to provide the information requested in the subpoenas and for DISH to amend its Complaint and serve Defendants. Accordingly, under the circumstances, a 90-day extension is warranted.

## II.    ARGUMENT & AUTHORITIES

### A.    Extending the Service Deadline Requires a Showing of Good Cause.

Although the Federal Rules prescribe a time limit of 90 days to serve the defendant after a complaint is filed, that deadline does not apply to service on a defendant in a foreign country. *See* Fed. R. Civ. P. 4(m) advisory committee's note (1993) ("It may be noted that the presumptive time limit for service under subdivision (m) does not apply to service in a foreign country."). The exclusion of service in a foreign country from the presumptive 90-day time limit "[i]s reasonable, and helps to counterbalance the complex and time-consuming nature of foreign service of process." *Kim v. Mohn*, 909 F. Supp. 474, 480 (S.D. Tex. 1995).

Rule 4(m) requires the Court to extend the time for service if DISH shows good cause. *See Lindsey v. U.S. R.R. Ret. Bd.,* 101 F.3d 444, 446 (5th Cir. 1996) (noting that if good cause is shown, courts "shall extend the time for service for an appropriate period") (quoting Fed. R. Civ. P. 4(m)). To establish good cause, DISH need only demonstrate "as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules

usually do not suffice." *Id.* And when service is to be effected in a foreign country, the Fifth Circuit has instructed that a "flexible due diligence standard" should apply when deciding whether or not to grant an extension. *Lozano v. Bosdet*, 693 F.3d 485, 488, 491 (5th Cir. 2012) (reversing district court's dismissal for failure to timely serve foreign defendants even after two prior extensions had already been granted). Even in the absence of good cause, a district court has discretion to extend the time for service of process. *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013) (citing *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008)).

> **B.   Good Cause Exists for a 90-day Extension Because Defendants are Believed to Reside in Germany, DISH has Made Progress in Identifying Defendants through Subpoenas, and Additional Time is Needed.**

Good cause exists to allot an additional 90 days to serve Defendants. DISH wasted no time in issuing subpoenas to third-party service providers that Defendants were using to operate and promote their Elahmad Website. DISH's Motion for Leave to Conduct Expedited Discovery was granted on April 6, 2021 (Dkt. 7), all ten subpoenas were issued on April 6, 2021, and all were served on the respective service provider no later than April 15, 2021.[1] (Ferguson Decl. ¶¶ 2-11, Exs. 1-10.)

There is reason to believe that Defendants reside in Germany. Namecheap, Inc. is the current registrar of the Elahmad.com domain, and it provided information identifying an individual residing in Germany as the account holder. (*Id.* ¶ 2.) The Endurance International Group, Inc. or one of its businesses is the former registrar of the Elahmad.com domain, and it also provided information identifying an individual residing in Germany as the account holder. (*Id.* ¶ 3.) And GitHub, Inc., although not providing a name and physical address, responded by verifying that Defendants created and logged into their GitHub account using IP addresses that are located in Germany. (*Id.* ¶ 4.)

Five of the subpoena recipients have not provided substantive responses to DISH's subpoenas. Facebook, Inc.; Twitter, Inc.; Pinterest, Inc.; Google LLC; and Microsoft Corporation

---

[1] Four were served on April 7, 2021; four were served on April 8, 2021; one was served on April 13, 2021; and one was served on April 15, 2021. (Ferguson Decl. ¶¶ 2-11, Exs. 1-10.)

each objected to the subpoenas, but confirmed that they would produce responsive documents after they provided notice to the account holders and gave them an opportunity to file objections with the relevant court. (*Id.* ¶¶ 7-11.)

Although DISH has made progress from the subpoena responses in ascertaining Defendants' identities, a 90-day extension is warranted for three reasons. First, Facebook, Inc.; Twitter, Inc.; Pinterest, Inc.; Google LLC; and Microsoft Corporation should be given additional time to respond. Second, it is likely DISH will be required to effect service in Germany and courts routinely grant extensions in cases where service is required to take place in a foreign country. *See, e.g., Lozano*, 693 F.3d at 486, 490-91; *Flock v. Scripto-Tokai Corp.*, No. Civ. A.H.–00-3794, 2001 WL 34111630, at *7 (S.D. Tex. July 23, 2001) (denying motion to dismiss and granting plaintiff a 90-day extension to serve defendants in Mexico). Finally, such an extension is especially reasonable here because DISH must also amend its complaint and secure summons for each individual defendant prior to serving them.

## III. CONCLUSION

For the foregoing reasons, the Court should grant DISH a 90-day extension, or until August 23, 2021, to serve Defendants. The Court may also want to continue the initial pretrial and scheduling conference set for May 14, 2021 at 9:30 am because Defendants have not been served and the parties have been unable to confer as required by Federal Rules of Civil Procedure 26(f). (Dkt. 4.)

Dated: May 4, 2021

Respectfully submitted,

**HAGAN NOLL & BOYLE LLC**

By: /s/ Stephen M. Ferguson
Stephen M. Ferguson (attorney-in-charge)
Texas Bar No. 24035248
Southern District of Texas Bar No. 614706
Two Memorial City Plaza
820 Gessner, Suite 940
Houston, Texas 77024
Telephone: (713) 343-0478
Facsimile: (713) 758-0146

Joseph H. Boyle (of counsel)
Texas Bar No. 24031757
Southern District of Texas Bar No. 30740

**Counsel for Plaintiff DISH Network L.L.C.**