**THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| DISH NETWORK L.L.C., § <br> § <br> Plaintiff, § <br> § <br> vs. § <br> § <br> BASSAM ELAHMAD, a/k/a Bassem El § <br> Ahmad and d/b/a Elahmad.com, § <br> § <br> Defendant. § <br> § | CIVIL ACTION NO. 4:21-CV-00581 |

**FIRST AMENDED COMPLAINT**

Plaintiff DISH Network L.L.C. ("DISH") brings this suit against Defendant Bassam Elahmad, also known as Bassem El Ahmad and doing business as Elahmad.com ("Defendant"), and states as follows:

**Nature of the Action**

1. DISH brings this suit for contributory copyright infringement because Defendant knows that his Elahmad.com website (the "Elahmad Website") is providing access to Arabic language television channels exclusively licensed to DISH in the United States, and Defendant is materially contributing to and inducing direct copyright infringement by third parties.

2. Defendant demonstrated the willfulness of his infringement by continuing to provide access to television channels exclusively licensed to DISH on the Elahmad Website in the United States despite the filing of this action and despite receiving numerous demands from DISH that he cease.

**Parties**

3. Plaintiff DISH Network L.L.C. is a limited liability company organized under the laws of the State of Colorado, with its principal place of business located at 9601 South Meridian Blvd., Englewood, Colorado 80112.

4. Defendant Bassam Elahmad, also known as Bassem El Ahmad, is an individual residing in Berlin, Germany, and he owns and operates the Elahmad.com domain and website.

**Jurisdiction and Venue**

5. DISH asserts claims under the Copyright Act, 17 U.S.C. § 101 *et seq*. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

6. Personal jurisdiction is proper against Defendant because he uses the Elahmad Website to provide access to Arabic language television channels exclusively licensed to DISH to users of the Elahmad Website located in the State of Texas. Texas is home to the fourth largest Arab-American and expat community in the United States.

7. In the alternative, personal jurisdiction is proper against Defendant under Rule 4(k)(2) of the Federal Rules of Civil Procedure. Defendant provides users of the Elahmad Website located in the United States ("Elahmad Users") with access to television channels exclusively licensed to DISH in the United States. This Court's exercise of jurisdiction over Defendant is consistent with the Constitution and laws of the United States, DISH's claims arise under federal law, and Defendant resides outside the United States and is not subject to the jurisdiction of the courts of general jurisdiction of any state. The United States is a high source of traffic for the Elahmad Website as shown by the following report from Similarweb.com:



8.      Venue is proper in this Court under 28 U.S.C. § 1391(b)(3) because Defendant is subject to personal jurisdiction in this district and under § 1391(c)(3) because Defendant is a nonresident that may be sued in any judicial district.  Venue is also proper in this Court under 28 U.S.C. § 1400(a) because the case involves violations of the Copyright Act.

### DISH's Copyrights

9.      DISH is the fourth largest pay-television provider in the United States providing copyrighted programming to millions of subscribers nationwide.  DISH is one of the largest providers of international television channels in the United States offering more than 400 channels in 27 different languages.

10.     DISH contracted for and purchased rights for the Arabic channels distributed on its platforms from channel owners and their agents, including Al Jazeera Media Network; International Media Distribution (Luxembourg) S.A.R.L.; MBC FZ LLC; and World Span Media Consulting, Inc. (collectively, the "Networks").

11.     The Networks' Arabic channels include Al Arabiya; Al Hayah 1 (a/k/a Al Hayat 1); Al Jazeera Arabic News; CBC; CBC Drama; Future TV; LBC; LBCI (a/k/a LDC); MBC1; MBC3 (a/k/a MBC Kids); MBC Drama; MBC Masr; Melody Aflam; Melody Drama; Melody Classic; and Rotana America[1] (collectively, the "Protected Channels").  The Networks acquire copyrights in the works that air on their respective channels, including by producing the works and by assignment.

12.     DISH entered into signed, written licensing agreements with the Networks granting DISH the exclusive right to distribute and publicly perform the Protected Channels and works that air on the Protected Channels in the United States by means including satellite, OTT, Internet

---

[1] Rotana America includes works that air on the Rotana Aflam, Rotana Cinema, Rotana Classic, Rotana Drama (a/k/a Rotana Masriya), and Rotana Khalijiya channels.

4

protocol television ("IPTV"), and Internet.  DISH's exclusive rights as to the Protected Channels are currently in effect, with the exception of Al Jazeera Arabic News in which DISH's exclusive rights expired on July 31, 2020; and MBC1, MBC3, MBC Drama and MBC Kids (the "MBC channels") in which DISH's exclusive rights expired on September 23, 2020.[2]  Many of the works that aired on the Protected Channels and for which DISH holds or held exclusive distribution and public performance rights are registered with the United States Copyright Office.  (*See* Exhibit 1.) A vast number of additional, unregistered copyrighted works in which DISH holds or held exclusive distribution and public performance rights also aired on the Protected Channels.  (*See* Exhibit 2.)

13. Defendant has not been and currently is not authorized by DISH to transmit, distribute, or publicly perform the Protected Channels or works that air on those channels in the United States, and DISH has received no compensation from Defendant to do so.

## Defendant's Wrongful Conduct

14. Defendant owns and operates the Elahmad Website.  The Elahmad Website allows Elahmad Users to watch unauthorized streams of the Protected Channels, including the works identified in Exhibits 1-2.

15. Defendant searches the Internet for unauthorized sources of the Protected Channels and identifies links to that content.  Defendant then uploads and embeds these links for the Protected Channels onto the Elahmad Website.  The Elahmad Website has a Digital Millennium Copyright Act ("DMCA") page that states, "we don't [h]ost any of these videos embedded here," [o]ur mission here, is to organize those videos and to make your search . . . easier," and "[w]e simply link to the video."

---

[2] DISH currently holds the non-exclusive license and right to distribute and publicly perform in the United States all programming aired on the MBC channels.

16. Defendant controls the organization and presentation of the Protected Channels. Defendant organizes the Protected Channels by name and into categories by country including Egypt; Lebanon; Qatar; Saudi; and UAE. Defendant provides Elahmad Users with easy access to streams of the Protected Channels on the Elahmad Website. The following is a screenshot from Elahmad.com showing the categories by country and a partial list of channels in the Saudi category, including an "MBC channels" link to the MBC1, MBC3, MBC Drama, and MBC Masr channels:



17. When Elahmad Users click on links to the Protected Channels, they instantaneously receive unauthorized streams of the Protected Channels. The following is a screenshot from the Elahmad Website providing access to the MBC1 channel after clicking on the "MBC Arabic" link in the "Saudi" category (as shown in paragraph 16), and then clicking on the "Mbc 1" link under the "Mbc Server 1" category:



Additional examples of screenshots showing the Protected Channels on the Elahmad Website are attached as Exhibit 3.

18.     Defendant also encourages operators of other websites to embed and link to the Protected Channels directly from the Elahmad Website.  Elahmad Users can click on a "Share" button while viewing the Protected Channels, which displays the website address ("URL") to embed and link to the Protected Channels from the Elahmad Website.  The following is a screenshot from the Elahmad Website showing the URL to embed and link to the MBC1 channel from the Elahmad Website:



19.     Defendant promotes the Elahmad Website as providing free access to the Protected Channels in the United States on his Facebook page located at https://www.facebook.com/elahmadlive/; Instagram page located at https://www.instagram.com/elahmadtv/; Twitter page located at https://twitter.com/elahmad_com; and Pinterest page located at https://www.pinterest.com/elahmadcom/.  For example, the following post on Defendant's Pinterest page promotes the Elahmad Website with statements including "Watch live tv channels," "watch live arabic tv," "Arab channels broadcast live," "Al-Jazeera TV Live," "Al Arabiya Channel Live," and "Arab channels in America":

7



20. Defendant provides free access to the Protected Channels to attract more users to the Elahmad Website. Defendant monetizes the Elahmad Website through marketing companies including Criteo Corp., a Delaware corporation. The advertisements on the Elahmad Website have promoted United States businesses including CarMax, Shutterfly, JTV Jewelry, and Cars.com.

21. The estimated worth of the Elahmad Website is approximately $1.8 million dollars based on its estimated advertising revenue and traffic.[3] This valuation is the result of Defendant's extensive copyright infringement, including the Protected Channels, since at least February 2014.

22. Defendant has actual knowledge that the transmission of the Protected Channels and works that air on the Protected Channels in the United States infringe or have infringed DISH's copyrights. Since February 2014, DISH and Networks sent at least 62 notices of infringement to Defendant using email addresses associated with the Elahmad Website and demanding that

---

[3] *See* https://www.worthofweb.com/website-value/elahmad.com/.

Defendant cease providing access to the Protected Channels identified in the notices. Defendant failed to comply with these notices of infringement.

23. DISH and Networks sent at least 60 additional notices to service providers of the Elahmad Website and the streams of the Protected Channels requesting the removal of the Protected Channels. Upon information and belief, at least some of these notices were forwarded to Defendant. Even when these service providers removed the unauthorized content, Defendant intentionally interfered with the takedown efforts by, for example, using different service providers or links to provide access to the Protected Channels.

## CLAIMS FOR RELIEF

### Count I

**Inducing and Materially Contributing to Copyright Infringement Under 17 U.S.C. § 501**

24. DISH repeats and realleges the allegations in paragraphs 1-23.

25. DISH is a copyright owner under 17 U.S.C. § 106 because DISH holds or held the exclusive rights to distribute and publicly perform in the United States, by means including satellite, OTT, IPTV, and Internet, the programs that make up the Protected Channels.

26. The programs that make up the Protected Channels are original audiovisual works fixed in a tangible medium of expression, and are therefore copyrightable subject matter. DISH's copyrights in programs that aired on the Protected Channels arise or arose under laws of nations other than the United States that are parties to copyright treaties with the United States, including the United Arab Emirates, Qatar, Egypt, and Lebanon where the programs were authored and first published. Under 17 U.S.C. §§ 101, 411, the programs that make up the Protected Channels are non-United States works and, therefore, registration with the United States Copyright Office is not a prerequisite to filing a copyright infringement action with respect to these works.

27. DISH's exclusive rights to distribute and publicly perform the Protected Channels and programs that make up the Protected Channels, including the works identified in Exhibits 1-2, are or were directly infringed by the unauthorized transmission of these programs to viewers in the United States, including Elahmad Users who access or accessed the programs using Defendant's Elahmad Website.

28. Defendant materially contributes to this infringement of DISH's exclusive distribution and public performance rights by, among other things, providing Elahmad Users access to the Protected Channels and the programs that make up the Protected Channels, despite having the ability to prevent such access. Defendant also induces or induced the infringement of DISH's exclusive distribution and public performance rights by, among other things, creating the audience for that infringement in the United States.

29. Defendant selects the channels that are made accessible to Elahmad Users through the Elahmad Website. Defendant acquires, uploads, embeds, maintains, and controls the links on the Elahmad Website that are and were used to connect Elahmad Users to the Protected Channels. Defendant also encourages operators of other websites to embed and link to the Protected Channels directly from the Elahmad Website.

30. Defendant intends that the Elahmad Website be used to access the Protected Channels and the programs that make up the Protected Channels, and he promotes, encourages, and facilitates using the Elahmad Website in this manner. Defendant uploads and embeds links for the Protected Channels onto the Elahmad Website and organizes them into categories for the respective countries in which they are based, making it easy for Elahmad Users to locate and access the Protected Channels.

31. Defendant has actual knowledge that the transmission of the Protected Channels and the programs that make up the Protected Channels to Elahmad Users infringes or infringed DISH's exclusive distribution and public performance rights.

32. Defendant can and could take simple measures to prevent further infringement of DISH's exclusive rights to distribute and publicly perform the programs that make up the Protected Channels, such as removing or disabling links to the Protected Channels from the Elahmad Website, or blocking Elahmad Users in the United States from accessing the Elahmad Website.

33. Defendant's actions are and were willful, malicious, intentional, purposeful, and in disregard of and with indifference to the rights of DISH.

34. Unless enjoined by the Court, Defendant will continue to engage in acts causing substantial and irreparable injury to DISH that includes damage to its reputation, loss of goodwill, and lost sales, for which there is no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, DISH prays for judgment against Defendant as follows:

A. For a grant of permanent injunctive relief under 17 U.S.C. § 502 restraining and enjoining Defendant, and any of his agents, servants, employees, attorneys, or other persons acting in active concert or participation with any of the foregoing that receives actual notice of the order, including service providers, from:

   1. transmitting, streaming, distributing, publicly performing, linking to, hosting, promoting, advertising, or displaying in the United States, through the Elahmad Website, or any other domain, website, device, application, service, or process, any of the Al Arabiya; Al Hayah 1 (a/k/a Al Hayat 1); CBC; CBC Drama; Future TV; LBC; LBCI (a/k/a LDC); Melody Aflam; Melody Drama; Melody Classic; Rotana America; Rotana Aflam; Rotana Cinema; Rotana

Classic; Rotana Drama (a/k/a Rotana Masriya); and Rotana Khalijiya channels or any of the programming that comprises any of these channels;

        2.     inducing or contributing to any other person's or entity's conduct that falls within 1 above; and

        3.     selling, leasing, licensing, assigning, conveying, distributing, loaning, encumbering, pledging, or otherwise transferring, whether or not for consideration or compensation, any part of his infringing operations.

    B.     For 23 or more registered works, statutory damages as awarded by the Court up to $150,000 per registered work infringed under 17 U.S.C. § 504(c), or the Defendant's profits attributable to the infringement of those registered works under 17 U.S.C. § 504(b).

    C.     For unregistered works, an award of Defendant's profits attributable to the infringement of each unregistered work under 17 U.S.C. § 504(b).

    D.     For DISH's attorneys' fees and costs under 17 U.S.C. § 505.

    E.     For impoundment and disposition of all infringing articles under 17 U.S.C. § 503.

    F.     For an order permanently transferring each domain name that Defendant used in connection with the infringement to DISH.

    G.     For pre- and post-judgment interest on all monetary relief, from the earliest date permitted by law at the maximum rate permitted by law.

    H.     For such additional relief as the Court deems just and equitable.

Dated: May 28, 2021

Respectfully submitted,

**HAGAN NOLL & BOYLE LLC**

By: /s/ Stephen M. Ferguson
Stephen M. Ferguson (attorney-in-charge)
Texas Bar No. 24035248
Southern District of Texas Bar No. 614706
Two Memorial City Plaza
820 Gessner, Suite 940
Houston, Texas 77024
Telephone: (713) 343-0478
Facsimile: (713) 758-0146

Joseph H. Boyle (of counsel)
Texas Bar No. 24031757
Southern District of Texas Bar No. 30740

**Counsel for Plaintiff DISH Network L.L.C.**