UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DISH NETWORK L.L.C., § § Plaintiff, § § VS. § BASSAM ELAHMAD, a/k/a Bassem El § Ahmad and d/b/a Elahmad.com § § Defendants. § § § | CIVIL ACTION NO. 4:21-CV-00581 |

## ORDER

Before the Court is Plaintiff's Combined Motion for Entry of Default and Default Judgement (the "Motion") filed by Plaintiff Dish Network L.L.C. ("Plaintiff"). Doc. #22. Defendant Bassam Elahmad, a/k/a Bassem El Ahmad and d/b/a Elahmad.com ("Defendant") has not filed a response despite being properly served. Having reviewed the parties' arguments and applicable legal authority, the Court denies the Motion without prejudice.

This is a copyright infringement case regarding a website that allegedly provides users with unlawful access to Arabic language television channels that are exclusively licensed to Plaintiff in the United States. *Id.* at 3. Plaintiff is a limited liability company that has its headquarters and principal place of business in Colorado. Doc. #11 ¶ 3. Defendant is a resident of Germany. Doc. #22 at 2. Plaintiff alleges that Defendant owns and operates a website that provides users in the United States, and particularly in Texas, with free access to Plaintiff's protected channels. *Id.* ¶¶ 2, 6. In December 2020, approximately 27.44% of Defendant's website traffic came from users in the United States. *Id.* at 3. Plaintiff filed suit in this Court on February 24, 2021 and asserted

claims for inducing and materially contributing to copyright infringement in violation of 17 U.S.C. § 501. Doc. #1 and Doc. #11 at 9. Plaintiff now moves for default judgment against Defendant, who has not appeared in this case. Doc. #22.

Courts may enter default judgment where an opposing party fails to plead or otherwise defend as required by law and the defendant's default has been entered by the clerk of court. FED. R. CIV. P. 55(b)(2); *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). "[A] defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). "[A] judgment entered without personal jurisdiction is void." *Sys. Pipe & Supply, Inc. v. M/V VIKTOR KURNATOVSKIY*, 242 F.3d 322, 324 (5th Cir. 2001).

Here, Plaintiff claims that the Court has personal jurisdiction over Defendant because Defendant's website "provide[s] access to Arabic language television channels" free of charge, despite the fact that said channels are exclusively licensed to Plaintiff in the United States. Doc. #11 ¶ 6. Plaintiff assumes that because "Texas is home to the fourth largest Arab-American and expat community in the United States," much of the website traffic in the United States must be coming from Texas. Doc. #22 at 4. "Merely running a website that is accessible in all 50 states, but that does not specifically target the forum state, is not enough to create the minimum contacts necessary to establish personal jurisdiction in the forum state." *Admar Int'l, Inc. v. Eastrock, L.L.C.*, 18 F.4th 783, 785 (5th Cir. 2021). "The defendant must also target the forum state by purposefully availing itself of the opportunity to do business in that state." *Id.* at 787. Targeted advertising in the forum state, "engaging in business transactions," and "entering into contracts"

with forum residents are evidence of purposeful availment. *Mink v. AAA Development LLC*, 190 F.3d 333, 335, 37 (5th Cir. 1999).

In its Motion, Plaintiff has not alleged or offered evidence that Defendant used targeted advertising in Texas, engaged in any business transactions in Texas, or entered into contracts with Texas residents. *See* Doc. #22; *cf. Mink*, 190 F.3d at 335. Rather, Plaintiff states that Defendant's website is free to users anywhere in the world and does not require users to create accounts or purchase content. Doc. #22 at 16. Additionally, Plaintiff offers evidence showing that Defendant does not use display advertising in any states, let alone targeted advertising in Texas. *See* Doc. #22, Ex. 6 at 341. As such, the Court finds that Plaintiff has failed to show that Defendant specifically targeted Texas in a manner sufficient to create minimum contacts. *See Admar Int'l, Inc.*, 18 F.4th at 785.

Alternatively, Plaintiff argues that the Court has personal jurisdiction over Defendant under Federal Rule of Civil Procedure 4(k)(2). Doc. #11 ¶ 7. "For a claim that arises under federal law . . . personal jurisdiction [is established] over a defendant if: (A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and (B) exercising jurisdiction is consistent with the United States Constitution and laws." FED. R. CIV. P. 4(k)(2). However, "if [a] defendant merely operates a website . . . that is accessible from, but does not target, the forum state, then the defendant may not be haled into court in that state without offending the Constitution." *be2 LLC v. Ivanov*, 642 F.3d 555, 559 (7th Cir. 2011) (cited by *Admar Int'l, Inc.*, 18 F.4th at 787). Consistent with due process, the Court finds that Plaintiff has failed to meet its burden of showing that exercising jurisdiction over Defendant simply because its website is accessible in Texas is "consistent with the United States Constitution and laws." *See* FED. R. CIV. P. 4(k)(2)(B).

Accordingly, the Motion is hereby DENIED without prejudice. Plaintiff may file an amended motion for default judgement addressing the Court's concerns about personal jurisdiction within twenty-one (21) days of entry of this order. Failure to do so will result in automatic dismissal of this case.

It is so ORDERED.

AUG 0 4 2022
Date

The Honorable Alfred H. Bennett
United States District Judge