United States District Court
Southern District of Texas
**ENTERED**
March 29, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DISH NETWORK L.L.C., §<br>§<br>Plaintiff, §<br>§<br>VS. §<br>§<br>BASSAM ELAHMAD, a/k/a/ Bassem El §<br>Ahmad and d/b/a Elahmad.com, *et al.*, §<br>§<br>Defendant. § | CIVIL ACTION NO. 4:21-CV-00581 |

## **ORDER**

Before the Court is Plaintiff Dish Network L.L.C.'s Amended Motion for Entry of Default and Default Judgment (the "Amended Motion"). Doc. #26. Defendant Bassam Elahmad, a/k/a Bassem El Ahmad and d/b/a Elahmad.com ("Defendant") has not filed a response despite being properly served. Having reviewed Plaintiff's arguments and the applicable legal authority, the Court denies the Amended Motion.

Plaintiff sued Defendant, a German resident, for allegedly violating copyright laws by providing access to sixteen television channels that are exclusively licensed to Plaintiff in the United States (the "Protected Channels"). Doc. #26 at 2. Through its website, Elahmad.com, Defendant allegedly "provides hundred of thousands of individuals in the United States with free access to the Protected Channels and the programs that air on these channels." *Id.*

On February 17, 2022, Plaintiff moved for entry of default and default judgment against Defendant (the "First Motion"). Doc. #22. On August 4, 2022, the Court denied the First Motion without prejudice. Doc. #24. In its Order, the Court explicitly and repeatedly raised concerns about whether Defendant specifically availed itself to Texas such that the Court could exercise

personal jurisdiction. Doc. #24 at 3. The Court plainly stated,

> In its Motion, Plaintiff has not alleged or offered evidence that Defendant used targeted advertising in Texas, engaged in any business transactions in Texas, or entered into contracts with Texas residents. . . . Additionally, Plaintiff offers evidence showing that Defendant does not use display advertising in any states, let alone targeted advertising in Texas. As such, the Court finds that Plaintiff has failed to show that Defendant specifically targeted Texas in a manner sufficient to create minimum contacts.

*Id.* (citations omitted). Alternatively, the Court held that for it to exercise jurisdiction pursuant to Rule 4(k)(2) of the Federal Rules of Civil Procedure, Plaintiff must show that it is consistent with the United States Constitution and laws for the Court to exercise "jurisdiction over Defendant simply because its website is accessible in Texas." *Id.* Accordingly, the Court denied the First Motion without prejudice to give Plaintiff the opportunity to address the Court's concerns about personal jurisdiction. *Id.* at 4. Now, Plaintiff once again moves for entry of default and default judgment in the Amended Motion. Doc. #26.

But the Amended Motion also misses the mark. Like the First Motion, Plaintiff similarly argues in the Amended Motion that the Court has personal jurisdiction over Defendant because it purposefully availed itself to the United States. *See* Doc. #26 at 4–12; Doc. #22 at 4. Plaintiff alleges that Defendant contracted with California- and Arizona-based service providers and technology companies, using "considerably more US-based providers and technologies" than other websites. Doc. #26 at 8. Plaintiff also claims that Defendant targeted its advertisements to users in the United States and "purposefully availed [itself] of the privilege of conducting business within the United States." *Id.* at 9. Plaintiff does not mention "Texas" at all in the Amended Motion nor does it present any evidence remotely suggesting that Defendant has minimum contacts with Texas residents. *See* Doc. #22. As such, Plaintiff once again fails to meet its burden to show that Defendant specifically targeted Texas in a manner sufficient to create minimum contacts, or alternatively, that exercising jurisdiction over Defendant simply because its website is accessible

2

in Texas is "consistent with the United States Constitution and laws." Doc. #24 at 3.

Accordingly, because the Court lacks personal jurisdiction over Defendant, the Amended Motion is DENIED. Pursuant to the Fifth Circuit's holding in *Mitchell v. Bailey*, this case is hereby DISMISSED WITHOUT PREJUDICE. 982 F.3d 937, 944 (5th Cir. 2020).

It is so ORDERED.

3/29/23
Date

_____
The Honorable Alfred H. Bennett
United States District Judge